UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY SWINTON,<br>         Plaintiff,<br><br>     v.<br><br>STATE OF CONNECTICUT JUDICIAL BRANCH, MARY GERGIS, SHIDEH-IMANIAN PARSA, ST. VINCENT'S MEDICAL CENTER,<br>         Defendants. | No. 3:15-cv-01695 (SRU) |

### INITIAL REVIEW ORDER

The plaintiff, Gregory Swinton, currently incarcerated at the Bridgeport Correctional Center and proceeding *pro se* and *in forma pauperis*, brings this action under Section 1983. He alleges that the State of Connecticut Judicial Branch acted negligently by not securing the rear of the truck transporting him, causing him to slip and fall when he was exiting, and was deliberately indifferent when it failed to provide him medical assistance thereafter. Swinton also brings a claim against the hospital and medical personnel that eventually treated his injuries: St. Vincent's Medical Center, Mary Gergis (a physician's assistant), and Dr. Shideh Imanian-Parsa. He alleges that Gergis gave him food to which he was allergic after he had disclosed his allergies, which caused him to have an adverse reaction, and that she failed to properly document the incident. Swinton has filed two motions to appoint counsel (doc. ## 3, 16), and three motions for an expedited ruling (doc. ## 12, 14, 15).

### I.     Legal Standard

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing a prisoner's *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**II.     Allegations**

The following allegations are taken from Swinton's complaint and are assumed to be true for the purposes of this initial review. On November 12, 2015, Swinton was transported from the Bridgeport Correctional Center to the Fairfield County Courthouse by the State of Connecticut Judicial Branch. When he stepped out of the vehicle, Swinton slipped and fell from the vehicle "paneling," which he alleges the marshals transporting him negligently failed to secure. Swinton alleges that the marshals subjected him to cruel and deliberate indifference by leaving him chained to the "sally port" and lying on the ground for 30 minutes, and that he was not assisted by any of the marshals.

An ambulance arrived and transported Swinton to St. Vincent's Medical Center where he was examined for bruising and a back strain. He asked for food and disclosed to the nurse and the doctor, Gergis and Imanian-Parsa respectively, that he was allergic to eggs and soy. Gergis brought a sandwich containing egg and soy and Swinton ate it without knowing its contents.

Swinton went into anaphylactic shock, and he was given an "epi-pen" and steroids to counteract the allergy. Swinton alleges the incident involving the food and the subsequent treatment was not properly documented.

Swinton was thereafter returned to the Bridgeport Correctional Center and was attended to by the facility's medical staff. He alleges he requested the documentation of the allergic reaction and medication he was given and learned that there was no such documentation created by the Medical Center.

In Swinton's amended complaint, he adds the identity of two Judicial Marshals, Officer Miranda "No. 351" and Officer Matos "No. 592," who he says witnessed St. Vincent's Medical Center "hide evidence" that they gave him food that caused his allergic reaction. Swinton claims the two Marshals were present when he disclosed his allergies to the St. Vincent staff. He also alleges that the doctor, Defendant Imanian-Parsa, failed to document administering the "epi-pen" and steroid medication in Swinton's medical file.

**III.   Discussion**

Swinton nominally brings claims under 42 U.S.C. § 1983, which allows him to file in federal court, by checking an item on a standard form complaint indicating that he is suing "State, county or city employees for violating [his] federal rights" (doc. # 11 at 2). He does not appear to be suing any such employees, however. He names as defendants a hospital and medical personnel, who do not appear to be state employees (and against whom any claims are presumably state-law claims), and the State of Connecticut Judicial Branch.

Claims against the state or one of its branches are generally barred by the Eleventh Amendment "[u]nless Eleventh Amendment immunity has been waived by the state or abrogated

3

by Congress." *Walker v. City of Waterbury*, 253 F. App'x 58, 60 (2d Cir. 2007).[1] The Eleventh Amendment applies not only to suits directed at a state as a whole, but also to suits directed at state agencies. *See In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). "The Judicial Branch is clearly an arm of the state," and Swinton's claims against it are therefore barred by the Eleventh Amendment. *Patterson v. Connecticut Dep't of Labor Adm'r*, 2012 WL 4484913, at *5 (D. Conn. Sept. 27, 2012). Swinton has not cited any authority—and I am not aware of any—to allow his claims to proceed against the State of Connecticut Judicial Branch on the basis that Eleventh Amendment immunity has been abrogated or waived. The claim against the State of Connecticut Judicial Branch therefore must be dismissed.

If Swinton has any possible claim under Section 1983, the threshold issue is identifying the correct defendant. Because the state itself (and therefore the Judicial Branch) is immune, and Section 1983 allows claims against state *employees*, the individual marshals who allegedly violated his rights must be identified. When a *pro se* litigant might have a viable claim "but has failed to name the proper defendant, he should be directed to obtain the requisite information and allowed an opportunity to amend his complaint." *Carlisle v. City of Yonkers*, 104 F.3d 352 (2d Cir. 1996) (unpublished opinion). Accordingly, any federal claims are dismissed without prejudice. Swinton may file an amended complaint identifying as defendants the particular marshals who he alleges violated his federal rights.

Because claims against the Judicial Branch are barred, and because Swinton does not allege any plausible federal claims against the hospital or medical personnel, I do not have supplemental jurisdiction over any state-law claims. *See* 28 U.S.C § 1367(c)(3). All potential

---

[1] Contrary to its literal wording, the Eleventh Amendment has been extended to apply to suits by citizens against their own states. *See Bd. of Tr. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2002).

state-law claims against the hospital and medical personnel are therefore dismissed without prejudice.

## IV. Conclusion

Pursuant to 28 U.S.C. § 1915A(b)(1), all federal claims are DISMISSED without prejudice to filing an amended complaint that names state employees as proper defendants. In the absence of such re-pleading, there are no federal claims and I do not have supplemental jurisdiction over any state law claims. Motions to appoint counsel and for an expedited ruling are denied as moot and the Clerk shall administratively close this case. Swinton may move to reopen the case and file an amended complaint if he can name as defendants particular state employees who violated his federal rights under 42 U.S.C. § 1983.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge